IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH A. SHERMAN,

    Petitioner,                   No. 2:06-cv-02415 ALA (HC)

    vs.

YOLO COUNTY CHIEF PROBATION OFFICER, et al.,

    Respondents,               ORDER

_____/

Petitioner Joseph Sherman is a former state prisoner, proceeding pro se, seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) based on alleged violations of his federal constitutional rights.  (Doc. No. 1).  Petitioner contends that: 1) there was insufficient evidence at trial to support his conviction; 2) his constitutional right to a speedy trial was violated; and, 3) unjust exclusion and manipulation of evidence at trial violated his right to due process.[1]  *Id.*  In his application, Petitioner contends that he exhausted his claims in a petition denied by the

---

[1] The instant application includes a "motion for judicial notice and joinder" wherein Petitioner moves this Court to join the instant petition "with CIV S-06-16 for consolidation of Grounds IV - VI . . . pursuant to Fed. Rules of Civ. Proc. Rule 19 requiring joinder of claims to avoid multiple lawsuits & avoid the risk of inconsistent judgments." *Id.*  Rule 19 does not govern joinder of claims but joinder of parties.  Petitioner's "motion" to join claims from a separate petition filed by Petitioner in the Eastern District of California is hereby DENIED.

1

California Supreme Court "approx. Nov. 2005." (Doc. 1).

In their answer, Respondents contend that Petitioner exhausted his claims "by virtue of the California Supreme Court's denial of Petitioner's Petition for Writ of Habeas Corpus." (Doc. 17). Respondents cite to a petition for a writ of habeas corpus filed by Petitioner on March 17, 2006 in the California Supreme Court, (Case No. S142971), which was summarily denied by that court on April 12, 2006. (Lod. Doc. 4). That petition, however, concerns "jail or prison conditions" at the Yolo County Detention Center. Thus, the claims raised in Case No. S142971 appear to be different from those raised in the instant application, indicating that Petitioner did not exhaust his state court remedies in the state petition cited by the Respondents.

According to this Court's review of various state petitions filed by Petitioner, it appears that the claims raised in the instant application were raised by Petitioner in a petition for a writ of habeas corpus filed in the California Supreme Court on October 14, 2005 (Case No. S137986). (Lod. Doc. 3). On November 2, 2005 the Supreme Court of California summarily denied that petition for writ of habeas corpus (Case No. S137986) citing *In re Dixon*, 41 Cal.2d 756, 759 (1953). (Lod. Doc. 3). *In re Dixon* stands for the proposition that "habeas corpus cannot serve as a substitute for an appeal," and absent "special circumstances constituting an excuse for failure to employ that remedy, the writ will not lie where the claimed errors could have been, but were not, raised upon a timely appeal from a judgment of conviction." *Id.*; *see also Park v. California*, 202 F.3d 1146, 1151 (9th Cir. 2000) (noting that "[i]n California, a convicted defendant desiring to bring claims in a state habeas petition, must, if possible, have pursued the claims on direct appeal from his conviction. This requirement is called the *Dixon* rule").

This Court's review of the record indicates that the Appellate Division of the Yolo County Superior Court did not dismiss Petitioner's direct appeal of his conviction until November 21, 2005, nineteen days after the California Supreme Court denied his state habeas petition for failure to raise claimed errors on appeal. (Lod. Doc. 1). In the statement on appeal, filed by Petitioner on October 25, 2004, Petitioner did raise the same issues raised in his petition

filed in the California Supreme Court on October 14, 2005 (Case No. S137986). Therefore, it appears the California Supreme Court may have erred when it denied Petitioner's petition on November 2, 2005, citing *In re Dixon* as grounds, because Petitioner's appeal was still pending at that time. As such, it appears that Petitioner may not have exhausted the claims raised in the instant application in the state court.

Accordingly, Respondents are hereby ORDERED to show cause why the California Supreme Court did not err in concluding, by citing *In re Dixon*, that Petitioner should have but did not raise in his direct appeal, the issues in that state petition. Assuming that the California Supreme Court erred in finding a procedural default because of its mistake that the appeal was final, does this Court have jurisdiction to consider the merits of the claims raised before the California Supreme Court in that state petition? Alternatively, Respondent may proffer evidence that this Court's review of Petitioner's application is procedurally barred by virtue of these claims having been raised in one of the other state petitions for habeas relief filed by Petitioner in the California Supreme Court, which was denied by the California Supreme Court on adequate and independent state grounds.

Based on the foregoing, it is hereby ORDERED that:

1. On or before October 2, 2008, Respondent shall respond to this order to show cause.
2. Petitioner shall file any response no later than October 16, 2008.
3. Petitioner's "motion," made in the instant application, to join claims from a separate petition filed by Petitioner in the Eastern District of California is hereby DENIED.

DATED: September 12, 2008

/s/ Arthur L. Alarcón
_____
UNITED STATES CIRCUIT JUDGE
Sitting by Designation