IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH A. SHERMAN,

       Petitioner,                      No. 2:06-cv-02415 ALA (HC)

      vs.

YOLO COUNTY CHIEF PROBATION OFFICER,

       Respondent,                  ORDER

_____/

      Petitioner Joseph Sherman, a former state prisoner proceeding *pro se*, timely filed a notice of appeal of this Court's November 4, 2008 denial of his application for a writ of habeas corpus (Doc. 28) and an application for a certificate of appealability (Doc. 30).

      A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why

such a certificate should not issue. FED. R. APP. P. 22(b).

Petitioner makes a number of allegations in his application for a certificate of appealability. Petitioner alleges, for example, that this Court is "conveniently helping to perpetuate the scandal of the Yolo court, Yolo d.a. [sic], &Davis/UCD police, by significantly delaying justice for Appellant & weighing him down with more burdens of yet another Appeal, constituting clear fraud." (Doc. 30 at 4). Petitioner also alleges that this Court is supporting "the conspirators" who "have demonstrated they are willing to threaten & commit perjury, kidnap, fraud, theft, & conspiracy to accomplish their goals of coercing Appellant to give up on his rights, his appeals, & pleas for justice; they are then able to finish him off by claiming they succeeded at proving he is a bad character, & this will justify further, more vicious attacks, culminating in Appellant's demise." *Id.* at 5. The Court is unable to decipher what issue, if any, Petitioner is attempting to certify by making these allegations. The denial of Petitioner's application for writ of habeas corpus was based upon federal law and not upon any sort of conspiracy directed at Petitioner.

Petitioner seeks a certificate of appealability as to whether there was sufficient evidence to support his conviction. *Id.* at 5-6. As noted in the Court's order of November 3, 2008 (Doc. 28) denying Petitioner's application for a writ of habeas corpus, Petitioner conceded that he committed the acts for which he was arrested. (Doc. 28 at 5-8). Petitioner argues that his conduct was protected under the First Amendment, however, none of the authorities cited by Petitioner in his application for a certificate of appealability is persuasive. Therefore, Petitioner's claim that there was insufficient evidence to support his conviction is not supported by the record.

Petitioner also requests a certificate of appealability for the following issues: "unjust manipulation of evidence"; "invidious discrimination"; "unjust exclusion of jury instructions"; and, "violation of right to speedy trial." (Doc. 30 at 7). For the reasons set forth in the Court's November 4, 2008 order, Petitioner has not made a substantial showing of the denial of a

constitutional right as to any of these issues.  Accordingly, a certificate of appealability will not issue in this action.

      THEREFORE, it is hereby ORDERED that Petitioner's request for a certificate of appealability (Doc. 30) is DENIED.

/////

DATED: November 17, 2008

                                  /s/ Arthur L. Alarcón  
                                  UNITED STATES CIRCUIT JUDGE  
                                  Sitting by Designation